UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **PAULETTE TENNISON,** *as Administrator of the Estate of John Scott, Jr., deceased*, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF DECATUR, ALABAMA,** *et al.*, <br><br> Defendants. | Case No. 5:25-cv-1466-HDM |

**MEMORANDUM OPINION AND ORDER**

This case arises from an encounter involving the late John Scott, Jr., and police officers from the City of Decatur and the City of Priceville. (*See* Doc. 1). The complaint alleges that on April 15, 2025, officers from Priceville and Decatur were trying to coax Scott into an ambulance, (*id.*, ¶¶ 20–21), when some unnamed officers used various forms of force on Scott, (*id.*, ¶¶ 28–30). The complaint repeatedly references alleged uses of force by "Decatur police officers" and includes identical allegations against "Priceville Alabama police officers" without specificity as to the identity or number of these officers. (*See id.*, ¶¶ 38–49). The complaint alleges that Scott died as a result of this encounter with police. (*Id.*, ¶ 104).

Plaintiff Paulette Tennison, as administrator of the Estate of John Scott, Jr., brought this action against twenty Defendants: the City of Decatur, Alabama ("Decatur"); Eli Carnes; Jonathan Espino; Landon Wallace; Keith Rutherford; Officer Pedro; Mike Burleson; Morgan County Sheriff's Office ("the Sheriff's Office"); Martha Hudson-Pepper; Susan Gooch; Brian Handcock; Levi Denney; Jesse Hills; Sabrina Brown; George Sales; Mr. Kikut; Donald Whitt; Jesse Garcia; the City of Priceville, Alabama ("Priceville"); and Garry Chapman. (*See id.*). Ms. Tennison has since voluntarily dismissed her claims against Priceville and Chapman. (Doc. 3; Doc. 5).

Ms. Tennison has brought a thirty-count Complaint. (*See* Doc. 1). These counts are:

1. Count I: § 1983 (Fourth Amendment), against Decatur, (*id.* at 20–23);

2. Count II: § 1983 (Fourteenth Amendment), against Decatur, (*id.* at 23–25);

3. Count III: Wrongful Death, against Decatur, (*id.* at 26–29);

4. Count IV: *Monell* Claim, against Decatur, (*id.* at 29–32);

5. Count V: Assault & Battery, against Decatur, (*id.* at 32–33);

6. Count VI: § 1983 (Fourth Amendment), against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson, (*id.* at 34–37);

7. Count VII: § 1983 (Fourteenth Amendment), against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson, (*id.* at 37–39);

8. Count VIII: Wrongful Death, against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson, (*id.* at 40–42);

9. Count IX: *Monell* Claim, against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson, (*id.* at 42–46);

10. Count X: Assault & Battery / Wrongful Death & Survivorship, against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson, (*id.* at 46–48);

11. Count XI: § 1983 (Fourth Amendment) against Priceville, (*id.* at 48–51);

12. Count XII: § 1983 (Fourteenth Amendment), against Priceville, (*id.* at 51–54);

13. Count XIII: Wrongful Death, against Priceville, (*id.* at 54–56);

14. Count XIV: *Monell* Claim, against Priceville, (*id.* at 57–60);

15. Count XV: Assault & Battery, against Priceville, (*id.* at 60–61);

16. Count XVI: § 1983 (Fourth Amendment), against Garry Chapman, (*id.* at 62–64);

17. Count XVII: § 1983 (Fourteenth Amendment), against Garry Chapman, (*id.* at 64–67);

18. Count XVIII: Wrongful Death, against Garry Chapman, (*id.* at 67–69);

19. Count XIX: *Monell* Claim, against Garry Chapman, (*id.* at 70–73);

20. Count XX: Assault & Battery / Wrongful Death and Survivorship, against Garry Chapman, (*id.* at 73–75);

21. Count XXI: § 1983 (Fourth Amendment), against the Sheriff's Office, Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 75–78);

22. Count XXII: § 1983 (Fourteenth Amendment), against the Sheriff's Office, (*id.* at 78–80);

23. Count XXIII: Wrongful Death, against the Sheriff's Office, Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 81–83);

24. Count XXIV: *Monell* Claim, against the Sheriff's Office, (*id.* at 83–86);

25. Count XXV: Assault & Battery / Wrongful Death and Survivorship, against the Sheriff's Office, (*id.* at 86–88);

26. Count XXVI: § 1983 (Fourteenth Amendment), against Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 88–95);

27. Count XXVII: § 1983 (Fourteenth Amendment), against Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 95–98);

28. Count XXVIII: Wrongful Death, against Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 98–101);

29. Count XXIX: *Monell* Claim, against Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 101–105); and

30. Count XXX: Assault & Battery/Wrongful Death and Survivorship, against Hudson-Pepper, Gooch, Handcock, Denney, Hills, Brown, Sales, Kikut, Whitt, and Garcia, (*id.* at 105–107).

Three motions to dismiss are before the court: (1) a motion by the Sheriff's Office, (doc. 29); (2) a motion by Brown, Denney, Garcia, Gooch, Handcock, Hills, Hudson-Pepper, Kikut, Sales, and Whitt, (doc. 27); and (3) a motion by Burleson, Carnes, Decatur, Espino, Pedro, Rutherford, and Wallace, (doc. 35). Between these three motions, all eighteen remaining defendants have moved for dismissal on all counts against them.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]omplaints alleging discrimination . . . must meet [this] plausibility standard . . . ." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). "Conclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, a pleading will not survive a motion to dismiss if it lumps multiple claims and allegations together in a vague, disorganized manner, making it difficult to tell which facts support which legal claims or which defendant is responsible for what action. *See, e.g.*, *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). This is because Federal Rule of Civil Procedure 8 requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 also states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Similarly, Rule 10 directs that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Pleadings that violate either, or both, of these rules are "disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has "little tolerance" for such pleadings, since they "waste scarce judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court

dockets, and undermine[] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1327–28 (11th Cir. 2021) (Tjoflat, J., concurring) ("Our district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together claims for plaintiff's counsel.").

## DISCUSSION

Defendant Morgan County Sheriff's Office moves to dismiss on the basis that a sheriff's office is not an entity subject to suit under Alabama law. (Doc. 29). The remaining Defendants move to dismiss for numerous reasons, including on the basis that Ms. Tennison's complaint constitutes an impermissible shotgun pleading. (Doc. 29; Doc. 35). Each of these three motions is due to be **GRANTED**.

### I. Withdrawn Pleadings

Ms. Tennison has voluntarily dismissed two Defendants, thereby eliminating several claims, and has conceded in her response to Defendants' motions to dismiss that numerous other claims and arguments should be withdrawn. (*See* Doc. 3; Doc. 41). First, Ms. Tennison's dismissal of Chapman and Priceville gets rid of Counts XI through XX, as each of these counts solely implicates either Chapman or Priceville. (*See* doc. 1 at 48–75). Second, Ms. Tennison concedes that the Sheriff's Office is not

recognized as a legal entity subject to suit under Alabama law. (Doc. 41 at 3). *See also King v. Colbert Cnty.*, 620 So. 2d 623, 626 (Ala. 1993). Accordingly, Ms. Tennison moves to amend her complaint to substitute Morgan County Sheriff Ron Puckett in place of the Morgan County Sheriff's Office. (Doc. 41 at 3–4). Third, Ms. Tennison voluntarily withdraws her claims brought pursuant to 42 U.S.C. § 1983 against Decatur and Puckett (assuming a substitution of Puckett for the Sheriff's Department) based on respondeat superior. *Id.* at 4. Accordingly, Ms. Tennison voluntarily dismisses Counts I, II, XXI, and XXII of her Complaint. *Id.* Fourth, Ms. Tennison admits that claims asserted on behalf of "heirs and beneficiaries" of Scott are improper. *Id.* Ms. Tennison states that the proper plaintiff in this action is "Paulette Tennison, as Administrator of the Estate of John Scott, Jr.," and withdraws any references to other plaintiffs. *Id.* Fifth, Ms. Tennison concedes that she may not bring *Monell* claims against individual, non-policy-making individual officers, and accordingly voluntarily withdraws Counts IX and XXIX of her complaint. *Id.* Sixth, Ms. Tennison concedes that claims for assault and battery abated upon Scott's death, and she accordingly voluntarily withdraws Counts V and XXV along with references to assault and battery in Counts X and XXX. *Id.*

While these voluntary dismissals and concessions may be helpful and necessary, they do not cure the structural deficiencies discussed below. Accordingly,

the court addresses whether the complaint constitutes an impermissible shotgun pleading.

## II. Shotgun Pleading

Shotgun complaints generally come in four flavors. *See Weiland*, 792 F.3d at 1321. As the Eleventh Circuit has recognized, these categories generally include:

> "[1] a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[;] . . . [2] a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;] . . . [3] one that commits the sin of not separating into a different count each cause of action or claim for relief; and [4] [a pleading that] assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. When faced with such a pleading, a defendant should not answer the complaint, as doing so would lead to chaos in discovery. *See, e.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014). Rather, the Eleventh Circuit has stressed that a district court must strike such a pleading, even where a defendant has not requested as much. *See, e.g.*, *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018).

9

In this case, the complaint bears several hallmarks of a shotgun pleading. First, every single count of the complaint expressly incorporates over 100 paragraphs of preliminary, jurisdictional, party, and factual allegations, regardless of what the claim is and against which defendant it is asserted. (*See* Doc. 1, ¶¶ 106, 117, 131, 140, 162, 172, 183, 196, 205, 227, 238, 249, 263, 272, 294, 304, 315, 329, 338, 360, 371, 382, 396, 405, 426, 436, 469, 487, 496, 518). *See also Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."). Since all 105 paragraphs are incorporated into every single count, despite many of those allegations pertaining to different defendants and different theories of liability, a reader of the complaint "must speculate as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading. *See, e.g., Chudasama*, 123 F.3d at 1359 n.9 (finding a complaint was "an all-too-typical shotgun pleading" where each count incorporated by reference all forty-three paragraphs of factual allegations, many of which related to only one or two counts); *Barmapov*, 986 F.3d at 1325 (finding a pleading that "indiscriminately

incorporate[d] and repeat[ed] 249 numbered paragraphs of factual allegations—spanning fifty pages—into nine of the nineteen counts, without any effort to connect or separate which of those 249 factual allegations relate[d] to a particular count" was a shotgun complaint); *Jackson*, 898 F.3d at 1356 (describing as an "incomprehensible shotgun pleading" a complaint which alleges numerous "claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief."); *Garcia v. Dorning*, No. 5:17-cv-01957-LCB, 2020 WL 5095296, at *3 (N.D. Ala. Aug. 28, 2020) (finding a fourth amended complaint was a shotgun pleading where plaintiff incorporated all eighty-nine factual allegations into each count, since her incorporation of such "large swath[s] of facts" included irrelevant information about other claims and issues with other defendants), *aff'd sub nom.*, *Garcia v. Madison Cty. Ala. Sheriff's Off.*, 2021 WL 3238813 (11th Cir. July 30, 2021) (upholding dismissal of shotgun pleading since "each count . . . re-allege[d] large portions of factual allegations, many of which had no clear tie to the count into which it was incorporated").

    Moreover, many of the counts include allegations referencing alleged acts or omissions without delineating precisely what conduct is the subject of the particular allegation. For instance, Count I references the "conduct and actions" of Decatur

11

through unspecified "agents, employees, officers, and/or deputies." (Doc. 1, ¶¶ 109, 114). Although Ms. Tennison does include some alleged uses of force within Count I, any notice this might have provided is negated by the qualifier that the claims against the City are "not limited to" those types of force. (*Id.*, ¶ 108). Elsewhere in the pleading, Ms. Tennison ambiguously alleges Scott died as a "result of one or more aforementioned acts and/or omissions," without making clear exactly which "acts" or "omissions" form the basis of the claim (and which particular Defendant allegedly committed these unknown "acts" or "omissions"). (*See id.*, ¶¶ 137, 193). Similarly, in Count IV, Ms. Tennison broadly refers to a "policy, custom and/or practices" of Decatur "as described herein" within the count titled "*Monell* Claim" against Decatur. (*Id.*, ¶¶ 150–151). Yet because the complaint contains scattershot conclusory allegations regarding various "policies" or "practices" of Decatur throughout the pleading, and some of which (like the alleged "STATS" policy) are not mentioned anywhere in Count IV (the "*Monell* Claim" against Decatur), Decatur is left to guess which alleged policies or practices underpin the § 1983 claims against it.

While a complaint should be dismissed if it qualifies as any one of the "four rough types or categories of shotgun pleadings" identified by the Eleventh Circuit, *Weiland*, 792 F.3d at 1321, Tennison's complaint falls into more than one category. The complaint falls into the third *Weiland* category because it "commits the sin of

not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. For example, the titles of Count I against Decatur and Count VI against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson collectively each cite the expansive reaches of § 1983 and the Fourth Amendment. (*See* Doc. 1 at 20, 34). Within each of these Counts, there are references to multiple events and theories of liability, including allegations as to the use of excessive force, failing to warn of the use of force, failing to recognize or consider a "mental health episode," failing to supervise, failing to train, and failing to provide medical care, among others. (*Id.*, ¶¶ 108–13, 174–79). Similarly, Counts II and VII, which purport to bring Fourteenth Amendment claims against Decatur and Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson respectively, also refer to multiple theories of liability within a single count, as each of these counts include allegations regarding a "constitutional right to associate with family members," substantive due process, and receipt of "necessary medical care." (*Id.*, ¶¶ 119, 120, 122, 185, 186, 188).

Likewise, the combination of many causes of action against many defendants in a single count results in a confusing mixture of claims. Counts VI, VII, VIII, IX, and X all lump together claims against Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson within a single count. (Doc. 1, ¶¶ 172–82, 183–95, 196–204, 205–26, 227–37). Not only are Carnes, Espino, Wallace, Rutherford, Pedro, and Burleson grouped together in Count VI with no delineation of any of their roles in the alleged

13

events at issue, but Ms. Tennison appears to simultaneously allege within this count that each of these Defendants are responsible under fifteen different theories of liability. (*Id.*, ¶ 179) (asserting in fifteen distinct sub-paragraphs different theories based upon different facts). The Eleventh Circuit and district courts have repeatedly labeled pleadings committing this "sin" as impermissible shotgun complaints. *See, e.g.*, *Fletcher v. City of Madison*, 2025 WL 1074415, at *10 (11th Cir. Apr. 8, 2025) (affirming dismissal on shotgun pleading grounds where pleading asserted "multiple claims as to multiple occurrences against multiple defendants under multiple theories all into one count").

Additionally, the complaint falls into the fourth *Weiland* category, as it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. The complaint is replete with references to "Eli Carnes, Jonathan Espino, Landon Wallace, Keith Rutherford, Officer Pedro, and Mike Burleson" collectively, without any specificity regarding which defendant allegedly took which action. (Doc. 1, ¶¶ 173–75, 184, 198–01, 206, 228). The complaint does the same with respect to "Martha Hudson-Pepper, Susan Gooch, Brian Handcock, Levi Denney, Jesse Hills, Sabrina Brown, George Sales, Mr. Kikut, Donald Whitt, [and] Jesse Garcia." *See id.* at 81, 88, 95, 98, 101, 105. Furthermore, Ms. Tennison repeatedly references the acts or omissions

of undefined groups of people, such as "Decatur police," "Decatur police officers," "Defendant law enforcement officer," and "law enforcement" generally, often without any indication as to who these alleged "officers" are or if this term even includes one or more of the named defendants. (*Id.*, ¶¶ 13, 15–16, 19–20, 22, 26, 28, 30, 38, 40, 42, 44, 52, 53, 177, 179).

Rather than differentiate which person is responsible for which act, Ms. Tennison instead appears to be imputing the alleged actions to the group as a whole, which does not adequately give each of these Defendants notice of the claims against them. *Weiland*, 792 F.3d at 1323 n.14 (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

These various characteristics make the complaint, (doc. 1), an unacceptable shotgun pleading under Eleventh Circuit precedent. As such, this action must be dismissed, as allowing it to proceed under the current complaint would "waste scarce judicial resources, inexorably broaden[] the scope of discovery, [and] wreak havoc on [any future] appellate court docket[]." *Vibe Micro, Inc.*, 878 F.3d at 1295 (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss, (doc. 27; doc. 29; doc. 35), are **GRANTED**, and Ms. Tennison's complaint, (doc. 1), is **DISMISSED WITHOUT PREJUDICE**. Ms. Tennison's motion to amend her complaint in order to substitute Morgan County Sheriff Ron Puckett for the Morgan County Sheriff's Office, (doc. 41), is **DENIED AS MOOT**. Because the complaint must—if Ms. Tennison wishes to proceed with her case—be repleaded in its entirety, the proposed substitution may be addressed in an amended complaint. Thus, Ms. Tennison has until on or before **March 28, 2026,** to file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 10 and with this Opinion. Failure to timely file an amended complaint will result in dismissal of this action without further notice. The stay that this court entered pending resolution of Defendants' motions to dismiss, (doc. 49), is lifted.

**DONE** and **ORDERED** on February 26, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE