FILED

2026 May-21  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

PAULETTE TENNISON, *as Administrator of the Estate of John Scott, Jr., deceased*,

    Plaintiff,

v.

CITY OF DECATUR, ALABAMA, *et al.*,

    Defendants.

Case No. 5:25-cv-1466-HDM

## MEMORANDUM OPINION AND ORDER

This case is as described in the court's previous order granting Defendants' motions to dismiss (the "February 26 Order"). (Doc. 50). In the February 26 Order, the court dismissed Plaintiff Paulette Tennison's Complaint without prejudice as a shotgun pleading. *Id.* After laying out the deficiencies in Tennison's complaint, the court allowed her over a month to amend and refile. (Doc. 50 at 16). Tennison subsequently filed a First Amended Complaint. (Doc. 51). This case is back before the court on Defendants' motions to dismiss the First Amended Complaint. (Docs. 53, 56).

Although Tennison, in her First Amended Complaint, cut out eighteen of her previously-pled thirty claims, that appears to be all she did. (*See* Doc. 51). She

otherwise made no meaningful effort to cure the deficiencies identified by the court in its February 26 Order. For instance, the court took issue with Tennison's practice of "incorporat[ing] over 100 paragraphs of preliminary, jurisdictional, party, and factual allegations, regardless of what the claim is and against which defendant it is asserted," into "every single count of the complaint." (Doc. 50 at 10). Yet every single count of Tennison's First Amended Complaint begins with, "Plaintiff realleges and incorporates by reference, each and every allegation contained in Paragraphs 1-105 of this Complaint, as if [sic] fully set forth herein." (*See* Doc. 51, ¶¶ 131, 140, 172, 183, 196, 227, 396, 405, 436, 469, 487). As another example, Tennison's First Amended Complaint includes two defendants—Garry Chapman and the City of Priceville—against whom Tennison previously voluntarily withdrew her claims, as recognized by the court in the February 26 Order. (Doc. 50 at 2).

Because Tennison's First Amended Complaint fails—despite the court's clear instructions—to address the numerous issues explicitly laid out by the court in its February 26 Order, the court adopts the reasoning of that opinion, (doc. 50), which applies with equal force to the First Amended Complaint. Accordingly, the court **GRANTS** Defendants' motions to dismiss, (docs. 53, 56), and orders that Tennison's First Amended Complaint be **DISMISSED WITHOUT PREJUDICE** as an impermissible shotgun pleading.

The court recognizes that Tennison—after Defendants moved again for dismissal, pointing out her complete failure to address the court's concerns—attempted to file a Second Amended Complaint. (Doc. 58). In doing so, Tennison failed to obtain either leave of the court or Defendants' written consent, as is required under Federal Rule of Civil Procedure 15(a)(2). (*See* Docs. 58, 60, 61, 62). Rather than now granting *post hoc* approval for Tennison to file the Second Amended Complaint, the court **STRIKES** it from the record. Accordingly, the court **GRANTS IN PART** Defendants' motions to strike, (docs. 61, 62), only insofar as they request that Tennison's Second Amended Complaint be stricken, but not to the extent that they request that she not be allowed to replead. The court does this for Tennison's benefit, to allow her one final opportunity to address **all** of the court's concerns. Accordingly, the court **GRANTS** Tennison's Motion for Leave to file a Second Amended Complaint. (Doc. 63). Tennison has until on or before **June 2, 2026**, to file an amended pleading. Tennison is advised that the court will not allow her to file a third amended complaint and, accordingly, **any dismissal of her forthcoming Second Amended Complaint, should she choose to file it, will be with prejudice**.

**DONE** and **ORDERED** on May 20, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

3